Law v. Law.

goods stolen, which, if he continues faithful to the public interest, will be ultimately restored to him. But if he is permitted to pursue his civil remedy before conviction, there may be reason to apprehend that the claims of public justice may be disregarded, which must be considered as paramount to individual interests. Besides, until after the termination of the criminal prosecution, the law requiring that the goods should be seized and retained by the officer, it cannot be known what portion of these goods may be restored to the owner, which must necessarily affect the measure of damages in the civil action.

It has been urged, that the conviction having taken place prior to the trial, the objection now made ought not to prevail ; but the authorities to this point, adduced by the counsel for the defendant, clearly prove that the action cannot be maintained, unless there was a right to prosecute it, at the time of its commencement.

According to the agreement of the parties, the default is to be taken off, and a nonsuit entered.

## LAW vs. LAW.

A deposition, opened by *mistake* out of Court, may be received and filed, on affidavit of the fact.

In this case a deposition having been transmitted by mail to the plaintiff's attorney, he broke the seal, supposing it to be a letter addressed to himself ;—and on motion at the last *November* term, THE COURT, (*absente Weston J.*) permitted the deposition to be filed in the cause, the attorney making affidavit of that fact, and that it had not undergone any alteration, nor been out of his possession.